**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HOMETRADER, LLC** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-01420 |
| | § | |
| **U.S. BANK, N.A.** | § | |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S AMENDED MOTION TO DISMISS

Hometrader, LLC, Plaintiff herein, hereby files it's Response to Defendant's Amended Motion to Dismiss and respectfully shows the Court as follows:

## FACTUAL BACKGROUND

1. The subject matter of this lawsuit is the real property and the improvements thereon located at 300 Country Crossing Circle, Magnolia, Texas 77354 (the "Property").

2. Hometrader, LLC ("Plaintiff") purchased the Property on August 5, 2022 at 12:42pm through a Constable's Sale by virtue of an Order of Sale out of the District Court of Montgomery County, Texas for the 284th Judicial District in Cause No. 20-10-12491-CV. A true and correct copy of the Constables Deed is attached hereto as Exhibit "1" and incorporated herein for all purposes.

3. At that point in time, Plaintiff became the owner of the Property. Accordingly, Plaintiff contacted Rushmore Loan Management Services ("Rushmore") attempting to obtain a mortgage loan payoff quote but to no avail. Instead, Rushmore posted the Property for foreclosure sale to occur on December 06, 2022.

4.	Therefore, Plaintiff filed Cause No. 22-11-15935; Hometrader, LLC v. U.S. Bank, N.A.; In the 284th Judicial District Court of Montgomery County, Texas. This Court an Ex-Parte Temporary Restraining Order on November 29, 2022 which enabled Plaintiff to obtain a Payoff Statement dated December 06, 2022. A true and correct copy of the Payoff Statement is attached hereto as Exhibit "2" and incorporated herein for all purposes.

5.	With the Payoff Statement in hand, Plaintiff filed the appropriate Notice of Non-Suit on December 07, 2022 and the Court signed the related Order Granting Notice of Non-Suit on December 08, 2022 – that lawsuit was dismissed without prejudice.

6.	Plaintiff soon realized that the Payoff Statement was inaccurate but believed that all was well and in good faith, through it's legal counsel, proceeded to negotiate the payoff of the mortgage loan – Plaintiff was mistaken. As reflected in the email stream between both parties' legal counsel, Plaintiff informed Defendant that the loan balance was greater than the fair market value of the Property ($297,780 v. $225,000). A true and correct copy of the related email stream is attached hereto as Exhibit "4" and incorporated herein for all purposes.

7.	In order to assert its position, Rushmore took the strong-arm approach of instilling its will on Plaintiff by once again posting the Property for foreclosure sale to occur on April 4, 2023 without providing notice to Plaintiff – irrespective of the fact that Defendant knew as a result of the prior litigation that Plaintiff was the new owner of the Property. A true and correct copy of the Notice of Substitute Trustee Sale, which was provided to Plaintiff by the undersigned legal counsel, is attached hereto as Exhibit "5" and incorporated herein for all purposes.

8.     Accordingly, Plaintiff alleges that Defendant was about to wrongfully sell its Property at a foreclosure sale on April 04, 2023 without providing the required notices in violation of Texas Property Code and in violation of Plaintiff's due process rights as reflected in the Affidavit of Anh Truong which is attached hereto as Exhibit "6" and incorporated herein for all purposes.

## PROCEDURAL BACKGROUND

9.     Plaintiff filed Cause No. 23-03-04579 in the 284th Judicial District Court of Montgomery County, Texas; Hometrader, LLC v. U.S. Bank, N.A. (the "State Case") contesting the pending foreclosure sale of it's Property by Defendant and alleging causes of action against Defendant for Declaratory Judgment, Violation of Texas Property Code Section 51, and Nuisance.

10.    Defendant removed the State Court case to Federal Court on April 17, 2023. Defendant filed its Motion to Dismiss on June 13, 2023 to which Plaintiff responds at this time.

## OVERVIEW OF PLAINTIFF'S CLAIMS:
## DECLARATORY JUDGMENT:

10.    Contrary to Defendant's assertion, Defendant had actual knowledge that Plaintiff was the owner of record of the Property when it posted the Property for foreclosure sale to occur on April 04, 2023. Defendant can't hide behind the fact that Plaintiff is not financially obligated on the underlying mortgage loan promissory note to skirt around its notice obligations under the Texas Property Code – Defendant is required to provide a notice of a pending foreclosure sale to all owners of record listed in the real property records for the county in which the subject property is located ~ Defendant failed to do so when it ignored its obligation to send a foreclose sale notice

to Plaintiff. Accordingly, Plaintiff's claim for a declaratory judgment that Defendant violated the Texas Property Code Section 51 stands on its merits.

**VIOLATION OF TEXAS PROPERTY CODE SECTION 51:**

11. Likewise, as stated above, Defendant had actual knowledge that Plaintiff was the owner of record of the Property when it posted the Property for foreclosure sale to occur on April 04, 2023. As such, Defendant was required to provide a notice of a pending foreclosure sale to Plaintiff ~ Defendant failed to do so. Accordingly, Plaintiff's claim that Defendant violated the Texas Property Code Section 51 stands on its merits.

**NUISANCE:**

12. Defendant does not dispute that Plaintiff has a private interest in the Property; nevertheless, Defendant persists in ignoring Plaintiff's ownership interest in the Property. In doing so, Defendant has created and maintained a condition that substantially interferes with Plaintiff's interest in the use and enjoyment of the Property by posting the Property for foreclosure sale however and whenever it wants without providing notice to Plaintiff thereby causing a chaotic environment at the Property from unsolicited inquiries from prospective buyers, foreclosure specialists, and unscrupulous con artists. This condition caused and continues to cause injury to Plaintiff which resulted and continues to result in Plaintiff's ongoing damages. Accordingly, Plaintiff's claim for nuisance against Defendant stands on its merits.

## STANDARD OF REVIEW

13.     Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). The complaint must be liberally construed in favor of the Plaintiff. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## CONCLUSION

14.     All of the essential elements of Plaintiff's causes of action for Declaratory Judgment, Breach of Common Law Tort of Unreasonable Collection Efforts, Violation of Texas Property Code Section 51, and Breach of Duty of Cooperation have been proven by Plaintiff's evidence and all of Defendant's arguments have been nullified. Therefore, the Court should deny Defendant's Motion to Dismiss and allow this case to proceed to a trial on the merits.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

VILT LAW, P.C.

By: */s/ Robert C. Vilt*
    ROBERT C. VILT
    Texas Bar Number 00788586
    Federal Bar Number 20296
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:    713.840.7570
Facsimile:    713.877.1827
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record and pro se parties via the court's electronic filing service on the 22nd day of July, 2023.

Chase A. Berger
Ghidotti | Berger LLP
16801 Addison Road, Suite 350
Addison, Texas  75001

    */s/ Robert C. Vilt*
    ROBERT C. VILT