UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOMETRADER, LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>US BANK, NA,<br><br>　　　　　Defendants. | Civil Action No. 4:23-cv-01420 |

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR RMTP TRUST, SERIES 2021 BKM-TT-V REPLY TO PLAINTFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

　　　U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT-V, ("US Bank" or "Defendant"), herein designated by Plaintiff as U.S. Bank. N.A., respectfully files this Reply to Plaintiff's Response to Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). In support hereof, Defendant shows this Court as follows:

### SUMMARY OF THE REPLY

　　　1.　　　Defendant filed a Motion to Dismiss under Rule 12(b)(6) on the basis that Plaintiff Hometrader, L.L.C. fails to state a claim upon which relief can be granted. Plaintiff, the holder of a subordinate interest in the real property that is the subject of this suit, has failed to plead facts the demonstrate it is entitled to the relief sought under Texas law. Further, Plaintiff, in its Response to Defendant's Motion to Dismiss, further fails to address any of the legal issues and

**DEFENDANT'S REPLY TO PLAINTFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

standards set forth in the Motion to Dismiss. Consequently, the Court, based on the pleadings, should dismiss this case with prejudice and therefore permit Defendant to proceed with exercising its right to enforce the power of sale in the underlying Deed of Trust.

## ARGUMENT

**A.  Defendant's Reply to Overview of Plaintiff's Claims.**

2. Contrary to Plaintiff's claims, Defendant has never asserted that Plaintiff is not the present record owner of the subject property.

3. Plaintiff's acquisition of the subject property came with various legal impediments and realties that Plaintiff continues to blindly ignore.

4. Defendant has never attempted to collect payments on the underlying debt from Plaintiff or in any way suggest that Plaintiff has any financial or legal obligation to pay the debt.

5. The Court should note that Plaintiff's obligation to pay the balance on the underlying debt arises only because Plaintiff voluntarily chose to acquire the property and in turn to exercise the equitable right of redemption.

6. Plaintiff, rather than Defendant, took the actions that triggered the duty to pay on the underlying debt.

7. Plaintiff can cite no authority that shows it is entitled to receive any notice with respect to the foreclosure sale.

8. Texas Property Code Section 51.002 requires notice be sent to the debtor. Plaintiff admits it is not the debtor. Therefore, under the statute and the caselaw cited in the Motion to Dismiss, Plaintiff is entitled to no notice with respect to any aspect or state of the loan servicing including the notice of sale.

B. **Defendant's Reply to Plaintiff's claims for alleged violation of Texas Property Code Section 51**.

9. For the reasons, outlined in the Section A, Plaintiff was not entitled to receive any information on the loan on which it was not a signatory including any notices for the foreclosure sale.

10. Plaintiff cannot establish contractual privity with Defendant and has not assumed the borrower's role with respect to any aspect of the servicing associated with the underlying note.

11. Further, for the reasons outlined in the Motion to Dismiss, in Texas there is no cause of action for alleged violations of Texas Property Code Section 51.002.

C. **Defendant's Reply to Plaintiff's claim for Nuisance.**

12. Plaintiff's claim for nuisance is at best a red herring and at worst inane.

13. Plaintiff ignores the fact that Defendant has a superior interest in the subject property.

14. Plaintiff also stealthily avoids discussing how it continues to impermissibly obstruct Defendant's contractual right to exercise the power of sale in the Deed of Trust.

15. Plaintiff's laundry list of actions allegedly constituting interference with its

**DEFENDANT'S REPLY TO PLAINTFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

property interest is wholly untethered from the recognized law in Texas as it pertains to the rights and relationship of junior and senior interests in and to real property.

16. Plaintiff voluntarily purchased the subject property at an HOA foreclosure sale and took subject to Defendant's lien and all associated actions related to the default of payments for the underlying loan.

17. Plaintiff fails to identify any act taken by Defendant that is not authorized under Texas law and the loan documents, and how Plaintiff has standing to prevent Defendant, a first perfected lienholder, from exercising its rights as a secured creditor, in and to the subject property.

18. Plaintiff further fails to affirmatively state Defendant had no right to notice the foreclosure sale.

19. Plaintiff could have and still can truncate the unwanted inquires and solicitations alleged in its Response by simply paying off the underlying note instead of trying to work a deal to minimize the effects of its own dubious business decisions pertaining to the subject property.

**D. Plaintiff's Response to the Motion to Dismiss wholly fails to address any of the legal arguments raised in the Motion.**

20. Plaintiff's Response presents no new arguments or authorities that would show that the Court should not dismiss this case.

21. The Response in large part is nothing but a regurgitation of the matters set forth in

the Petition.

22.  Plaintiff's Response does not address the legal arguments raised in Defendant's Motion to Dismiss.

23.  Plaintiff's failure to address the issues raised in the Motion to Dismiss demonstrates Plaintiff simply has plead no viable cause of action against Defendant.

24.   Plaintiff has wholly failed to establish contractual privity that would entitle it to receive any notices with respect to the servicing of the loan.

25. Plaintiff has further failed to demonstrate that it has complied with the requirements for exercising the right of equitable redemption by paying off the underlying loan even though Defendant has already provided Plaintiff with the amount required to pay off the underlying loan.

26.  Plaintiff's amended pleading remains fatally defective as no viable cause of action has been articulated.

27.  Having failed to plead a viable cause of action, Plaintiff has no legal basis for obtaining injunctive relief.

## CONCLUSION

Defendant therefore respectfully asks this Court to dismiss with prejudice all Plaintiff's causes of action asserted against it for failure to state a claim which relief may be granted.  Defendants further ask for all other relief in law or equity to which it is justly entitled.

Date:  August 7, 2023

Respectfully submitted,

**GHIDOTTI | BERGER LLP**

*/s/ Anthony S. Schroeder*
Anthony S. Schroeder, Esq.
State Bar No.
16801 Addison Road, Ste. 350
Addison, Texas 75001
Tel: (305) 501-2808
Fax: (954) 780-5578
Email: aschroeder@ghidottiberger.com
**ATTORNEY FOR DEFENDANT**

CERTIFICATE OF SERVICE

I certify that on August 7, 2023, I served the foregoing document by electronic mail and U.S. first class mail to Plaintiff's attorney of record Robert C. Vilt.

/s/ Anthony S. Schroeder

Anthony s. Schroeder

**DEFENDANT'S REPLY TO PLAINTFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**